[Cite as *Machala v. Xiang*, 2022-Ohio-1491.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JULIAN MACHALA,                          :

    Plaintiff-Appellant,            :

                                No. 110321

    v.                               :

YIFENG XIANG,                            :

    Defendant-Appellee.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 5, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-929305

### *Appearances:*

Blocker Law LLC and David S. Blocker, *for appellant*.

Gallagher Sharp LLP, Richard C.O. Rezie, and Liz R. Phillips, *for appellee*.

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant, Julian Machala ("Mr. Machala"), appeals from the trial court's judgment granting the motion for summary judgment of defendant-appellee, Yifeng Xiang ("Mr. Xiang"). For the reasons set forth below, we affirm.

## I. Background

{¶ 2} This case arises out of events that occurred on October 16 and 17, 2016. The record reflects that in 2016, Mr. Xiang hired Mr. Machala to give violin lessons to Mr. Xiang's daughter. On October 16, 2016, while he was at the Xiang residence giving a lesson, Mr. Machala suffered a seizure. The Xiangs called an ambulance, which took Mr. Machala to the hospital. Mr. Machala's belongings, including his violin and bow, together worth over $30,000, were left at the Xiang home.

{¶ 3} Mr. Xiang and his daughter visited Mr. Machala at the hospital, and then took him to his apartment, where Mr. Machala claims he immediately fell asleep. The Xiangs returned home. Later that evening, after purchasing a few groceries for Mr. Machala, Mr. and Mrs. Xiang returned to Mr. Machala's apartment. Mr. Xiang drove Mr. Machala's car; Mr. Xiang's wife drove the Xiang car. The Xiangs placed Mr. Machala's violin and bow in the trunk of Mr. Machala's car and then brought the groceries and Mr. Machala's car keys to his apartment. Mr. Xiang then texted Mr. Machala to let him know that the violin and bow were locked in the trunk of Mr. Machala's car, and the Xiangs returned home.

{¶ 4} According to Mr. Machala, when he awoke the next day, he checked his vehicle for the violin and bow but they were not there. He texted Mr. Xiang to let him know that they were gone; Mr. Xiang replied that he and his wife had double-checked that the vehicle was locked. Mr. Machala then reported a theft to the police.

{¶5} Mr. Machala subsequently filed a complaint asserting two claims against Mr. Xiang relating to his handling of the violin and bow: Count 1, conversion, and Count 2, negligence. Following discovery, Mr. Xiang filed a motion for summary judgment, which Mr. Machala opposed. The trial court granted Mr. Xiang's motion. Mr. Machala appeals and assigns the following error for our review.

### Assignment of Error

Whether the trial court erred when, pursuant to Civ.R. 56(C), it granted summary judgment in favor of Mr. Xiang on Mr. Machala's claim that Mr. Xiang acted negligently when he placed Mr. Machala's prized violin and bow in an unlocked car in a neighborhood that Mr. Xiang believed was unsafe.

## II. Law and Analysis

{¶6} In his sole assignment of error, Mr. Machala challenges the trial court's grant of summary judgment regarding his negligence claim. He makes no argument regarding his conversion claim and, therefore, has waived any issue with respect to the trial court's grant of summary judgment on that claim.

### A. Standard of Review

{¶7} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only a conclusion that is

adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 8} The party seeking summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). The burden then shifts to the nonmoving party to provide evidence showing a genuine issue of material fact does exist. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). The nonmoving party may not rely on its pleadings but must produce some evidence in support of its claim. *Id.*

## B. Negligence

{¶ 9} To establish actionable negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately caused by the breach. *Naso v. Victorian Tudor Inn, L.L.C.*, 8th Dist. Cuyahoga No. 110652, 2022-Ohio-1065, ¶ 8, citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998). "'If there is no duty, then no legal liability can arise on account of negligence.'" *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142, 539 N.E.2d 614 (1989), quoting 70 Ohio Jurisprudence 3d, Negligence, Section 13, at 53-54 (1986). "Ordinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise

to a duty to control." *Fed. Steel & Wire Corp. v. Ruhlin Const. Co.*, 45 Ohio St.3d 171, 173, 532 N.E.2d 769 (1989).

{¶ 10} "'Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care to the plaintiff.'" *Wallace v. Ohio Dept. of Commerce,* 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 23, quoting *Commerce & Industry Ins. Co. v. Toledo*, 45 Ohio St.3d 96, 98, 543 N.E.2d 1188 (1989). The Ohio Supreme Court has stated that the existence of a duty depends on the foreseeability of the injury. *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Id.* "We recognize there is no common-law duty to anticipate or foresee criminal activity." *Fed. Steel* at 174. "As a result, the duty to protect against injury caused by third parties, which may be imposed where a special relationship exists, is expressed as an exception to the general rule of no liability." *Fed. Steel* at 174.

{¶ 11} Mr. Machala claims that Mr. Xiang breached a duty to him because he should have anticipated that someone would steal the violin and bow from his car. He contends that Mr. Xiang knew he lived in a dangerous neighborhood and therefore, Mr. Xiang should have brought the violin and bow up to his apartment, instead of leaving them in his car.

{¶ 12} This argument is without merit. "The foreseeability of a criminal act depends on the knowledge of the defendant, which must be determined by the totality of the circumstances, and it is only when the totality of the circumstances are 'somewhat overwhelming' that the defendant will be held liable." *Evans v. Ohio State Univ.*, 112 Ohio App.3d 724, 742, 680 N.E.2d 161 (10th Dist.1996), quoting *Feichtner v. Cleveland*, 95 Ohio App.3d 388, 396, 642 N.E.2d 657 (8th Dist.1994).

{¶ 13} Those "somewhat overwhelming" circumstances are not found in this case. Mr. Machala admitted in his deposition that Mr. Xiang had never been to his home prior to the day of the incident at issue. Therefore, there are no facts to indicate Mr. Xiang knew about the safety of the area where Mr. Machala lived or the likelihood of theft in the neighborhood. In short, Mr. Xiang could not have reasonably foreseen that the violin and bow would be stolen from Mr. Machala's car and thus, he did not owe Mr. Machala a special duty to protect him from the criminal activity of third parties.

{¶ 14} Mr. Machala's assertion that *Fed. Steel*, 45 Ohio St.3d 171, 532 N.E. 2d 769, supports his argument that Mr. Xiang owed him a duty is incorrect. In *Fed. Steel*, a construction company owner was aware that vandals would enter the bridge site being repaired by his company, steal materials, and then throw the materials from the bridge onto buildings below. *Id*. at 177. Federal Steel sued the construction company for negligence after over 1,000 of the windows in its building were damaged by construction materials thrown from the bridge onto its property below. In response, the construction company argued it had no duty to the plaintiff to

control the criminal conduct of unknown third persons who were throwing objects from the company's job site.

{¶ 15} The Ohio Supreme Court disagreed. The court first set forth the law regarding a defendant's liability for injury caused by third parties. It noted that generally there is no duty to control the conduct of third parties and, thus, "liability in negligence will not lie in the absence of a special duty owed by a particular defendant." *Fed. Steel* at 173. It found that such a special duty may exist where the defendant could have reasonably foreseen that the third party's act that resulted in injury to the plaintiff was likely to happen. *Id.* at 175. After carefully reviewing Sections 448 and 449 of the Restatement of the Law 2d, Torts (1965), as well as cases from other jurisdictions that had found liability for the criminal acts of third parties, the court concluded that if a person exercises control over real or personal property and is aware that the property is subject to repeated third-party vandalism, a special duty to take adequate measures under the circumstances to prevent future vandalism may arise to parties whose injuries are reasonably foreseeable. *Fed. Steel* at the syllabus.

{¶ 16} Turning to the merits of Federal Steel's negligence claim, the court noted that in response to the vandalism on its job site, the construction company had stationed guards at entrances to the site after working hours and erected a six-foot chain link barbed wire fence to keep potential vandals off the premises. *Id.* at 178. However, during the winter months when the project was dormant, the company withdrew the protective measures, although it left "rebar" and other

construction materials open and unsecured on the job site. *Id.* The court found that under such circumstances, it was reasonably foreseeable for the company to expect that vandalism on its job site would occur during that time and damage the plaintiff's building. *Id.* Accordingly, the court found that reasonable minds could have concluded that the company had a special duty to take protective measures to protect the plaintiff from harm by the third-party vandals. *Id.*

{¶ 17} Here, unlike in *Fed. Steel*, there is no evidence that Mr. Xiang had any prior knowledge of criminal activity in Mr. Machala's neighborhood. Accordingly, Mr. Xiang could not have reasonably foreseen that theft of the violin from Mr. Machala's car was likely to occur and, therefore, consistent with *Fed. Steel*, 45 Ohio St.3d 171, 532 N.E.2d 769, he had no special duty to protect Mr. Machala from the criminal acts of third parties. And because Mr. Xiang owed no special duty to Mr. Machala to take measures to protect Mr. Machala from the criminal acts of third parties, there is no genuine issue of material fact regarding whether Mr. Xiang locked the doors of Mr. Machala's car on the evening of October 6, 2021, despite Mr. Machala's assertion otherwise.

{¶ 18} To summarize, in the absence of a special relationship, a defendant has no duty to anticipate or foresee criminal activity. A special relationship can arise when a defendant could have reasonably foreseen that the criminal activity was likely to occur. Because Mr. Xiang had never been to Mr. Machala's neighborhood before the events at issue, he had no knowledge of the likelihood of theft in the neighborhood and, thus, could not have foreseen that theft of the violin was likely to

occur.  He therefore had no special duty to take measures to protect Mr. Machala against the criminal acts of third parties.  Without such a special duty, no liability for negligence can arise.

{¶ 19} Because Mr. Xiang owed no special duty to protect Mr. Machala from the criminal conduct of third parties, Mr. Machala's negligence claim fails as a matter of law.  Therefore, the trial court did not err in granting summary judgment to Mr. Xiang.  Accordingly, we overrule the assignment of error.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR